(No. 5419–

JAMES McHUGH CONSTRUCTION COMPANY, an Illinois Corporation, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1969.*
*Petition of Respondent for Rehearing denied June 9, 1971.*

KORSHAK, ROTHMAN, OPPENHEIM AND FINNEGAN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; MORTON L. ZASLAVSKY, Assistant Attorney General, for Respondent.

BOOKWALTER, J.

This is an action by the claimant, a general contractor, to recover $78,000.00 in penalties assessed against it as liquidated damages by respondent for failure to complete a pier cell construction contract on time.

The facts show that on August 14, 1963, claimant entered into a contract with The Department of Public Works and Buildings to construct eight cells for the protection of future bridge piers over the Chicago and Sanitary Ship Canal. The contract provided for completion

by December 2, 1963, or, "on or before a later date determined as specified herein; otherwise, the Department shall proceed to collect liquidated damages described hereinafter." The liquidated damages for failure to meet the completion date were $1,000.00 per day. The project was finished on March 26, 1964.

The issue in this case is whether the causes of delays, which prevented the timely completion of the pier cells, were the types of causes, which would warrant, under the contract, extensions of time.

The applicable provision of the contract is as follows:

"When a delay occurs due to unforeseen causes beyond the control and without the fault or negligence of the contractor, including but not restricted to acts of God, acts of the public enemy, governmental acts, fires, floods, epidemics, strikes (except those caused by improper acts or omissions of the contractor), extraordinary delays in delivery of materials caused by strikes, lock-outs, wrecks, freight embargoes, governmental acts, or acts of God, the time of completion shall be extended in whatever amount is determined by the Department to be equitable.

The State allowed three extensions of time under this provision of the contract extending the completion date from December 2, 1963, through January 8, 1964. No other extensions were allowed, and consequently the State withheld $78,000.00 from the contract price, representing $1,000.00 per day for the seventy-eight days from January 8, 1964, to March 26, 1964, the actual completion date of the contract.

Claimant, according to evidence introduced at the hearing, made various requests for extensions of time, which, if allowed, would have extended the completion date past January 8, 1964. These requests and their alleged justification were set forth in Paragraph 5a through e, of claimant's complaint. As to each of these requests, it is incumbent upon claimant to show by a preponderance of the evidence that respondent should have allowed extensions of time as the contract provided.

234

Claimant requested extensions for delays caused by unanticipated subsurface conditions. The drawings furnished by the State indicated that claimant would encounter the subsurface condition known technically as "Class B Excavation". This was not in fact encountered. Instead the material found was of a fine, silty nature making it difficult to pump out the water, and to achieve a "seal" in installing the steel sheeting for the cells. Twenty-seven additional calendar days were required to install the steel sheeting under these conditions. Also the drawings did not indicate that claimant would encounter "shot" rock, e.g., rock fragments produced in times past by blasting, possibly during the original construction of the canal. Excavating through the "shot" rock to solid rock consumed an additional twenty-three days. These delays were the basis of a fifty day extension request made by claimant.

Claimant's witnesses testified that the State, when it furnished drawings to bidders on the cell contract, had in its possession boring logs, which showed the true subsurface condition of the area. These boring logs contradicted the representations made in the drawings furnished bidders on the cell contract. Claimant discovered the existence of the boring logs when they bid unsuccessfully on the pier contracts, which were let after the cell contracts.

Claimant's exhibit No. 5 went into great detail in describing the subsurface conditions, which the boring logs indicated would be found on the job site. The exhibit in effect shows that Class B Excavation, which was stated to exist in the contract plans, was not actually going to be present.

Article 2.3 of the Standard Specifications reads as follows:

"When plans or special provisions included information pertaining to subsurface exploration, borings, test pits, and other preliminary investigation, such information represents only the opinion of the Department as to location,

character and quantity of material encountered, and is only included for the convenience of the bidder. The Department assumes no responsibility whatsoever in respect to the sufficiency or accuracy of the information and there is no guarantee, either expressed or implied, that the conditions indicated are representative of those existing throughout the work or that unanticipated developments may occur."

The problem arises in how to relate Article 2.3 with those portions of the special provisions quoted earlier relating to delays due to unforeseen causes beyond the control and without the fault of the contractor. In the opinion of this Court it does not seem reasonable, and from the evidence is not generally required, that a contractor individually go onto a job site such as this, and make soil borings and other subsurface explorations before bidding the job. It appears from the evidence that the State could have revealed the true information as to subsurface conditions, but for some reason did not do so. Taking these two facts into account, and the fact that Article 2.3 acknowledges the possibility of "unanticipated developments", an extension of fifty days as requested by claimant should have been allowed, as the delay was beyond the control and without the fault of the contractor.

A request for an extension of seventy-two days was made by claimant for alleged delays caused by the fact that two cells were damaged by barges using the canal, and that these cells had to be repaired and rebuilt. The State allowed a twenty-five day extension, but disallowed the remaining forty-seven days of the request.

There is nothing in the evidence, which would indicate that claimant did not have either of the cells adequateley lighted to avoid possible collision by traffic using the canal. It is true that after the first collision claimant did not change its lighting protection, but there has been no showing that the lighting in the first instance was inadequate. Claimant should have been given the remainder of the seventy-two day extension request, that being forty-seven days.

Having found that a fifty day extension for delays caused by subsurface conditions and a forty-seven day extension for delay due to cell damage should have been allowed by respondent, claimant is hereby awarded the amount of $78,000.00.